IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EVNA T. LAVELLE and LAVENIA LAVELLE, individually and as the representative of all persons similarly situated, | ) ) ) ) | |
| | ) | Civil Action File |
| Plaintiffs, | ) | No. 1:16-cv-01082 |
| | ) | |
| v. | ) | (Removed from the Superior Court of the |
| | ) | District of Columbia, Civil Actions, Case |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) | No. 2016 CA 003040 B) |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby

removes the above-captioned action from the Superior Court of the District of Columbia to the

United States District Court for the District of Columbia pursuant to the Class Action Fairness

Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453.  Removal

is proper on the following grounds:

1.      Plaintiffs commenced this action against State Farm in the Superior Court of the

District of Columbia by filing the Class Action Complaint (the "Complaint") on or about April

22, 2016.  State Farm was served with the Summons and Complaint on May 20, 2016.

2.      This Notice of Removal is filed within 30 days of May 20, 2016, and removal is

therefore timely under 28 U.S.C. §§ 1446(b) and 1453(b).

3.      This Court has original jurisdiction under CAFA because this case is a putative

class action in which: (a) minimal diversity exists—that is, at least one class member is a citizen

of a different state than at least one defendant; (b) the alleged class contains at least 100

members; and (c) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

1

**I.     CAFA Jurisdiction Exists.**

4.     This action is properly removable under CAFA.  Plaintiffs are citizens of the District of Columbia.  (Compl. ¶¶ 13, 15.)  State Farm is incorporated under the laws of, and maintains its principal place of business in, Illinois.  (*See* Compl. ¶ 16.)  State Farm is thus a citizen of Illinois, not the District of Columbia.  28 U.S.C. § 1332(c)(1).  Therefore, pursuant to CAFA, minimal diversity of citizenship exists.

5.     The Complaint seeks certification of the following class:

> All State Farm insureds with District of Columbia policies issued in the District of Columbia, where the insured's vehicle damages were covered under Underinsured Motorist coverage, and
>
> 1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
>
> 2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
>
> 3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned Judge, the Judge's staff and family.

(Compl. ¶ 22) (hereinafter the "Proposed Class").  State Farm denies that class certification is appropriate, but the Proposed Class satisfies the requirements for CAFA jurisdiction.

6.     The number of members of the Proposed Class is not less than 100.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiffs allege that the Proposed Class has more than 300 members.  (Compl. ¶ 14.)

7.     Under CAFA, the district courts have original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  A defendant seeking removal need not admit liability in order to meet the amount in controversy.  Rather, the Notice of Removal need only include a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

8. The amount in controversy in this action exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). Specifically, according to State Farm's business records, approximately 1,346 policyholders in the District of Columbia with policies issued in the District of Columbia submitted claims under their uninsured or underinsured motorist coverage in which the repair estimates on the vehicle exceeded $1,000, the vehicle was no more than six years old and had less than 90,000 miles on it at the time of the accident, and the claim did not involve a leased vehicle or total loss. The Complaint alleges that each class member has damages that average $1,429 per claim, and seeks trebled damages under the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), punitive damages, and attorneys' fees. (*See* Compl. ¶ 14.) Although State Farm denies that such relief would be appropriate on an individual or class-wide basis, if such relief were awarded to the Proposed Class of 1,346 persons, such relief would result in compensatory damages of $1,923,434. Taking into account treble damages under the DCCPPA, the Proposed Class could be awarded up to $5,770,302. Punitive damages and attorneys' fees, which are sought in the Complaint, would increase that amount further. State Farm denies that any damages—whether compensatory, treble, or punitive—or fees are owed to any member of the Proposed Class, but the class-wide relief sought by the Complaint places more than $5 million in controversy within the meaning of CAFA.

9. Because State Farm is not a citizen of the District of Columbia or a governmental entity, the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d) do not apply to this action.

3

36218154.1

**II.     All Procedural Requirements for Removal Have Been Satisfied.**

10.     This Notice of Removal is filed within 30 days of May 20, 2016, the date of first receipt by State Farm of a copy of the initial pleading setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. §§ 1446(b) and 1453(b).

11.     The Superior Court of the District of Columbia is located within the District of Columbia, and so venue is proper in accordance with 28 U.S.C. § 1441(a).

12.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other pleadings served on State Farm to date are attached to this Notice of Removal as Exhibit A.

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs.  A copy is also being filed with the Clerk of Court, Superior Court of the District of Columbia.

/s/ Wilson G. Barmeyer
Gail L. Westover (DC Bar No. 4451263)
Wilson G. Barmeyer (DC Bar No. 987107)
SUTHERLAND ASBILL & BRENNAN LLP
700 Sixth Street, NW, Suite 700
Washington, D.C. 20001-3980
202.383.0100 (T)
202.637.3593 (F)
gail.westover@sutherland.com
wilson.barmeyer@sutherland.com

Thomas W. Curvin (*pro hac vice to be submitted*)
Tracey K. Ledbetter (*pro hac vice to be submitted*)
Brittany Cambre (*pro hac vice to be submitted*)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
404.853.8000 (T)
404.853.8806 (F)
tom.curvin@sutherland.com
tracey.ledbetter@sutherland.com
brittany.cambre@sutherland.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## **CERTIFICATE OF SERVICE**

This is to certify that on June 9, 2016, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system in the United States District Court for the District of Columbia, and copies were served on the following attorneys of record by United States Mail, first class postage prepaid, addressed as follows:

    Jonathan B. Nace
    ANTONOPLOS & ASSOCIATES
    1725 DeSales Street, NW, Suite 600
    Washington, DC 20036

    Jacob M. Lebowitz
    Ryan C. Posey
    POSEY LEBOWITZ PLLC
    3221 M Street NW
    Washington, DC 20007

    Debra Brewer Hayes
    Charles Clinton Hunter
    THE HAYES LAW FIRM, P.C.
    700 Rockmead, Suite 210
    Houston, TX 77339-2111

    Scott P. Nealey
    NEALEY LAW
    71 Stevenson, Suite 400
    San Francisco, CA 94105

    Stephen M. Hansen
    LAW OFFICES OF STEPHEN M HANSEN, PS
    1821 Dock Street, Suite 103
    Tacoma, WA 98402

    /s/ Wilson G. Barmeyer
    Wilson G. Barmeyer
    *Attorney for Defendant State Farm Mutual Automobile Insurance Company*

36218154.1