# EXHIBIT A

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Actions**

EVNA T. LAVELLE and LAVENIA
LAVELLE, individually and as the
representative of all persons similarly situated
1391 Pennsylvania Ave., SE
Washington, DC 20003

Case No.: **2016 CA 003040 B**
Judge:

Plaintiffs,

**ORIGINAL CLASS ACTION**
**COMPLAINT FOR DAMAGES**

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
State Farm Insurance
One State Farm Plaza
Bloomington, IL 61710

Defendant.

## CLASS ACTION COMPLAINT

*COMES NOW*, Evna T. and LaVenia LaVelle, ("Plaintiffs"), Plaintiffs in the above styled and numbered cause and file this, their Original Class Action Complaint for Damages, as the proposed Class Representatives of a Class to be comprised of certain insureds of State Farm Mutual Automobile Insurance company (hereinafter "STATE FARM" or "Defendant") with policies issued in Washington, D.C. Plaintiffs hereby state claims individually and on behalf of the class for breach of contract, unlawful and deceptive trade practices, and breach of the implied covenant of good faith and fair dealing.

In support thereof, Plaintiffs respectfully state the following:

### INTRODUCTION

1.     This action seeks to recover compensatory damages and attorney fees suffered by Plaintiffs and the members of the Class, all STATE FARM insureds within

1

the District of Columbia, as a result of Defendant's breach of its standard form policy of insurance. It also seeks trebled damages, reasonable attorney fees, and punitive damages awardable under the District's Consumer Protection Procedures Act ("DCCPPA").

2.     STATE FARM advertised, solicited, and sold automobile insurance policies providing Uninsured Motor Vehicle Coverage ("UIM") in the District of Columbia. These policies, like the policy sold to Plaintiffs, promised to pay for legally recoverable losses and damage to insured vehicles under the UIM Coverage.

3.     The policies promise as follows: "We will pay damages for...*property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The ... *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*." "*Property damage*" is a term defined by the policy: "*Property Damage* – means damage to: (1) your car..."

4.     Plaintiffs claim that, when certain automobiles, i.e., those within the proposed Class, sustain damage to their structural systems and bodies, they cannot be fully repaired to their pre-accident condition and as a result are tangibly and detectably different than they were pre-accident. This causes the vehicles to suffer a loss in value at the time of the accident called "diminished value."

5.     The District of Columbia Court of Appeals has ruled that vehicle owners are entitled to recover the "residual diminution in value" ("diminished value") of a vehicle involved in an accident from insurers responsible to the owners for property losses to their vehicles. *Am. Serv. Ctr. Associates v. Helton*, 867 A.2d 235 (D.C. 2005). Accordingly, diminished value property losses are recoverable under STATE FARM's UIM coverage.

6.     Despite knowing that diminished value is a covered, non-excluded loss, STATE FARM did not adjust UIM claims to include any losses due to diminished value. Instead, STATE FARM willfully continued with its practice of failing to adjust losses to consider and include payment for diminished value in settling first party UIM claims.

7.     On August 9, 2015, Plaintiffs' vehicle was struck by an uninsured driver at the corner of Half Street SE and M Street SE in the District of Columbia. The responding police officer found the uninsured driver at fault and cited him for traffic violations and for operating a vehicle without insurance, among other violations. Plaintiffs' insured vehicle was a 2014 Audi A6 ("the vehicle") with 18,228 miles on it the day of the accident. It sustained damage to its front bumper and grille. Its radiator, front fender and hood were replaced. The paint on its front door was blended, and a total of 19.7 hours were spent painting it. Total repair costs exceeded $17,000.

8.     As a result of the damage suffered to the vehicle in the accident, the vehicle was worth less after it was repaired than it was before the accident. Since the areas of repaired damage would be detectible in any later inspection, the vehicle was worth less (it had "diminished value") as a result of the accident and after the accident, irrespective of any repairs that might or could be made to the vehicle.

9.     Like other members of the proposed Class and of the public at large in the District of Columbia, when Plaintiffs presented their vehicle to STATE FARM to have their loss adjusted and paid, STATE FARM determined that UIM PD coverage applied, determined and recorded the fault of both parties, and estimated the vehicle for the cost of physical repairs. However, STATE FARM failed to adjust their loss or to compensate Plaintiffs fairly and adequately for the diminution of value damages they suffered.

3

Accordingly, Plaintiffs bring this suit to obtain appropriate relief for themselves and for others similarly situated.

10.    Plaintiffs allege that Defendant's failure to pay for this type of loss under its standard District of Columbia insurance policy's UIM coverage breached its standard contract with its policyholders and members of the Class. It also violated the DCCPPA by engaging in an unlawful trade practice. *See* D.C. Code Ann. § 28-3904. Finally, it breached the Implied Covenant of Good Faith and Fair Dealing.

## JURISDICTION AND VENUE

11.    This court has jurisdiction over this action pursuant to D.C. Code §§11-921, 13-423 and 28-3901 *et seq.* The claims asserted herein exceed the minimum jurisdictional amount of this Court, but are less than $75,000 per Class Member or per member of the District of Columbia general public affected by Defendant's unlawful trade practice.

12.    STATE FARM transacts business in the District of Columbia. Venue is therefore proper pursuant to D.C. Code Ann. § 13-423(a)(1).

13.    Plaintiffs are citizens of the District of Columbia. All members of the proposed Class are insured under policies issued in and for the District of Columbia for vehicles registered in the District of Columbia. As a result, nearly all members of the proposed Class are District of Columbia residents and citizens. Less than one percent (1%) of the members of the proposed Class will be citizens of other states. However, these non-citizen proposed Class members are nonetheless still connected to the District of Columbia via their vehicles and insurance policies. Thus, far more than two-thirds of all members of the proposed Class are citizens of the District of Columbia. Any related

conduct of STATE FARM occurred in the District of Columbia, and all damages were incurred in the District of Columbia.

14.     The proposed Class – on information and belief, based upon Defendant's market share in the District of Columbia for first party property damages coverages, the size of the District of Columbia insurance market, and the sizes of prior classes in which insurers have provided a class list (always slightly over inclusive) which matches the Class Definition of the case at bar – will include around 323 claims.  The average diminished value loss damages has been calculated in other actions.  Adjusting the figures derived in those actions to account for the Class period and composition of this Class, the average loss – before accounting for prior damage – would be around $1460.00 per claim.  However, a deduction of 2.015% to account for those Class members with vehicles having prior accidents (who would get less damages) would be needed for Class wide damages, leaving $1429.00 per claim on average as the average damages recoverable.  These figures determine that the total amount sought in compensatory damages in this action will be approximately $461,567.00.  An award of trebled damages under the DCCPPA increases damages to $1,384,701.  Applying a maximum recovery of 50% of this common fund for attorney fees ($692,350.50) increases this amount to $2,077,051.50.  Any award of punitive damages is purely speculative but, even if the award is 100% of trebled damages and attorney fees, the amount in controversy is nonetheless below $5 million.  Therefore, jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") does not exist.

## THE PARTIES

15.     Plaintiffs Evna T. LaVelle and LaVenia LaVelle are adult citizens of the District of Columbia.

16.     Defendant STATE FARM is an Illinois corporation doing business in the District of Columbia.

## COMMON COURSE OF CONDUCT REGARDING DV

17.     STATE FARM solicits and advertises to consumers to purchase UIM coverage for their vehicles from STATE FARM.

18.     The policy that STATE FARM issued to all members of the proposed Class promised as follows: "We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The ... *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*." "*Property damage*" is a term defined by the policy: "*Property Damage* – means damage to: (1) your car..."

19.     Plaintiffs elected to make a claim under their UIM coverage for their loss due to the at fault driver being uninsured. As the *Helton* case held in 2005, diminution in property value is a recoverable loss in the District of Columbia. Despite having not excluded diminished value in the UIM portion of the policy as a loss, STATE FARM willfully failed to adjust Plaintiffs' and the Class' claims to address the damages which result from diminished value loss, and it willfully failed to pay claims for diminished value.

6

## CLASS ACTION ALLEGATIONS

20.     This action is brought as a class action under Rule 23 of the Superior Court Rules of Civil Procedure.  STATE FARM's conduct has been systematic and continuous and has affected large numbers of STATE FARM policyholders over time. Plaintiffs bring this class action to secure redress for Defendant's uniform and common practice of adjusting vehicle losses – on vehicles in the Class – in a manner that leaves the insured with a vehicle that has not been fully restored its pre-loss condition, including value. This uniform, systematic and continuous policy leaves the insured's vehicle with unavoidable tangible differences after repair and a diminished value. STATE FARM's conduct has been uniform throughout the Class Period.

21.     All members of the proposed Class have fully complied with all pertinent policy provisions to receive payment under their policies from STATE FARM.  STATE FARM has found UIM coverage to apply to each member of the proposed Class' accidents, and STATE FARM has expressly found the requirements for coverage to have been fulfilled by each Class Member.  State Farm has made a determination of fault, and comparative fault, if any, and that the at-fault party was uninsured or underinsured, recording this determination in its records, and resolved part of the claim based upon these findings.   Each member of the proposed Class has presented his or her claim and vehicle to STATE FARM or its agents to have the loss fully adjusted.   No further performance is required by any member of the proposed Class to secure all available coverages and benefits provided by the STATE FARM policy.

22.     Plaintiffs seek certification of the following Class:

7

All STATE FARM insureds with District of Columbia policies issued in the District of Columbia, where the insured's vehicle damages were covered under Underinsured Motorist coverage, and

1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and

2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and

3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned Judge, the Judge's staff and family.

Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.

23.    The exact number of Class members is unknown, but can be readily determined from the records maintained by STATE FARM as shown by the following cases, among others, in which Class member lists were produced: *Moeller v. Farmers Ins. Co. of Washington*, 173 Wash. 2d 264, 267 P.3d 998 (2011); *Butler (Meyer) v. Am. Family Mut. Ins. Co.*, No. 3:14-cv-05305-RBL (W.D. Wash. filed Apr. 11, 2014); *Butler (Snyder) v Farmers Ins. Co of Wash.*, No. 13-2-15638-1 (Pierce Cty., Wash. Sup. Ct. filed Dec. 12, 2013); *Merrill v PEMCO Mut. Ins. Co.*, No. 13-2-13764-5 (Pierce Cty., Wash. Sup. Ct. filed Oct. 8, 2013); *Mansker v. Farmers Ins. Co. of Wash.*, No. 2:10–civ–0511–JLR (W.D. Wash. filed Mar. 25, 2010); *Laughlin v. ALlstate Ins. Co.*, 130 Wash. App. 1018 (2005); *Rose v. Nationwide Mut. Ins. Co.*, No. 02-2-06621-1 (Pierce Cty., Wash. Sup. Ct. filed Apr. 12, 2002); and *Busani v. United Services Auto. Ass'n*, No. 99-2-08217-1 (Pierce Cty., Wash. Sup. Ct. filed May 28, 1999). Based on the information available from these cases, Plaintiffs believe there are approximately 323 insureds in the Class.

8

24. Plaintiffs are typical members of the Class. They purchased a STATE FARM automotive policy, paid premiums, and made a claim for loss when their insured automobile was damaged in an accident. They filed a claim and made their vehicle available to STATE FARM for determination and payment of their loss, if it wished to do so. STATE FARM then failed to adjust the loss to include diminished value. Although Plaintiffs took the appropriate measures to receive compensation from STATE FARM for the damages they incurred, STATE FARM failed to pay Plaintiffs' diminution of value damages. Plaintiffs' interests are identical to those of other unnamed members of the Class.

25. There are numerous and substantial questions of law and fact common to all of the members of the proposed Class which predominate over any individual issues. Included within the common questions of law and fact are:

(a) Whether STATE FARM was contractually obligated to provide payment for diminished value to its UIM insureds;

(b) Whether Plaintiffs and the members of the proposed Class had any further obligations before having their UIM losses adjusted by STATE FARM to include diminished value;

(c) Whether STATE FARM breached its contracts of insurance with the Class by failing to pay diminished value in UIM claims;

(d) Whether STATE FARM committed unlawful or deceptive trade practices;

(e) The measure of damages for diminished value for the Class and the amount;

9

(f) Whether Class Members' vehicles were tangibly different after their accidents and repairs compared to before the accidents, or if only "intangible" and invisible differences remain after repairs.

26.    Plaintiffs have no interest adverse to the interests of other members of the proposed Class and will fairly and adequately protect the interests of the Class.

27.    Plaintiffs have retained the undersigned counsel who are experienced and competent in the prosecution of class actions and complex litigation and have extensive experience with litigation involving diminished value. These counsel have the resources and experience necessary to prosecute this case.

28.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, the Class Members will continue to suffer damage, and STATE FARM's conduct will proceed without effective remedy.

29.    Individual members of the proposed Class have little interest or ability to prosecute an individual action due to the complexities of the issues involved, the costs of assembling proof of the amount of diminished value, the time required, and the relatively small, although significant damages (likely averaging around $1429 after adjustment for previous accidents) suffered by each member of the proposed Class.

30.    This action will allow the orderly, fair, and expeditious administration of Class claims, economics of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.   As with prior diminished value cases in this country, collective adjudication will allow sufficient proof and expertise to be assembled to value fairly and prove the losses at issue.

10

31.     This action will present no difficulties, which would impede its management by this Court as a Class Action, and a Class Action is the best available means by which Plaintiff and the members of the proposed Class can seek redress for the harm caused to them by STATE FARM.

## PLAINTIFFS' CAUSES OF ACTION AGAINST STATE FARM

### BREACH OF CONTRACT
#### COUNT I

32.     Plaintiffs re-allege the allegations contained in the previous paragraphs as if fully set forth herein.

33.     Plaintiffs and members of the proposed Class entered into contracts, which were identical in all material respects with STATE FARM.   They paid all required consideration in the form of premiums for the coverage afforded by the STATE FARM policy.   They complied with all conditions precedent under the STATE FARM policies and presented their claims.   As to each claim, before paying to repair the vehicle, STATE FARM found UIM PD coverage to exist for the accident and found that all conditions precedent to payment were satisfied.

34.     The UIM PD coverage in the STATE FARM policy covers diminished value and does not exclude the loss.   There is no exclusion or limitation for diminished value in the UIM PD section of the policy. STATE FARM was obligated to cover and pay for the losses due to diminished value.

35.     STATE FARM breached the express provisions of the policy and its contract with Plaintiff and members of the Class by not fully restoring vehicles to their pre-loss value and then not paying for the resulting diminished value on those vehicles (such as those within the Class) that had tangible differences after repair.

11

36.     As a direct and foreseeable consequence of the foregoing, Plaintiffs and the members of the Class have been damaged by receiving less (in the form of the difference in the pre-accident market value of the vehicle and its market value as a vehicle repaired to industry standards) than they would have received had STATE FARM paid the amounts Plaintiff and members of the Class have contracted for, in an amount to be determined at trial.

37.     In failing to adjust and pay for diminished value losses in accordance with the terms of its insurance contracts, Defendant has acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of District of Columbia consumers, and such conduct by Defendant is outrageous and grossly fraudulent. Defendant's willful and oppressive acts and omissions were fraudulent such that Plaintiffs may recover their attorney fees. *McIntosh v. Aetna Life Ins. Co.*, 268 A.2d 518, 521 (D.C. 1970).

38.     Such conduct of Defendant in breach of its obligations under its contract of insurance were committed in bad faith, maliciously, wantonly, oppressively in a calculated, flagrant manner in utter disregard of the obligations and trust placed in Defendant by Plaintiffs and the Class members. Accordingly, punitive damages may be allowed and are hereby demanded. *See Den v. Den*, 222 A.2d 647, 648 (D.C. 1966).

### VIOLATION OF THE DCCPPA - (D.C. CODE §§ 28-3901, ET SEQ.)
### COUNT II

39.     Plaintiffs re-allege the allegations contained in the previous paragraphs as if fully set forth herein.

40.     Defendant sells a product or provides a service within the meaning of the DCCPPA to consumers in the District of Columbia.

41.     These consumers purchase Defendant's products or services primarily for personal, family and household use.

42.     Defendant is a merchant under the DCCPPA in that Defendant markets, sells and distributes consumer products and services to District of Columbia consumers.

43.     Plaintiffs bring this action under the DCCPPA in their representative capacities acting for the interests of the general public, suing Defendant for its trade practices in violation of the laws of the District of Columbia which have injured District of Columbia consumers whose vehicles insured by Defendant have been involved in accidents covered under Defendant's uninsured motorist coverage but have not been fully restored to their pre-loss value. These consumers were damaged because Defendant did not adjust or pay their diminished value on those vehicles that had tangible differences after repair.

44.     Defendant's conduct complained of herein violates D.C. Code Ann. § 28-3904, among other laws.

45.     As a direct and foreseeable consequence of the foregoing, Plaintiffs and these consumers have been damaged by receiving less (in the form of the difference in the pre-accident market value of the vehicle and its market value as a vehicle repaired to industry standards) than they would have received had STATE FARM paid the amounts Plaintiffs and these consumers have contracted for, in amounts to be determined at trial and reasonably expected to average $1429.00 per claim, but not exceeding $75,000 per claim when including trebled damages, reasonable attorney fees, and punitive damages on an unaggregated basis.

46. By engaging in the aforesaid unlawful trade practices, Defendant has acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of District of Columbia consumers, and such conduct by Defendant is outrageous and grossly fraudulent.

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### COUNT III

47. Plaintiffs re-allege the allegations contained in the previous paragraphs as if fully set forth herein.

48. All contracts contain an implied duty of good faith and fair dealing, which means that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006).

49. Defendant willfully evaded the spirit of the contract, willfully rendered imperfect performance of the contract, and willfully interfered with Plaintiffs' and members of the Class' ability to enjoy the full benefits of the contract.

50. STATE FARM willfully failed to adjust Plaintiffs' and the Class' claims to address the damages, which result from, diminished value loss, and it willfully failed to pay claims for diminished value.

51. As a proximate and direct result of these acts, Plaintiffs and members of the Class suffered financial and economic loss.

### PRAYER FOR RELIEF

**WHEREFORE, THE FORGOING BEING CONSIDERED,** Plaintiffs respectfully request that the Court certify this case as a Class Action and that judgment be entered for the Plaintiff and members of the proposed Class against STATE FARM

for the damages described below, and for the issuance of any orders necessary to effectuate this Court's Judgment.

Plaintiffs also pray for the relief available to consumers under the DCCPPA.

Plaintiffs and the members of the proposed Class and the affected consumers are entitled to and pray for the following relief:

a.   Actual damages in the form of payment of the difference between the insured vehicles' pre loss fair market values and their projected fair market values as repaired vehicles immediately after the accident in amounts to be determined at trial;

b.   Treble damages or $1500 per violation of the DCCPPA for each District of Columbia consumer, whichever is greater;

c.   Costs of suit including reasonable attorney fees;

d.   Punitive damages in amounts to be determined at trial;

e.   Post-judgment interest on the judgment at the rate provided by law from the date of judgment until paid;

f.   Additional relief as may be necessary to restore to these consumers' money or property, real or personal, which may have been acquired by means of the unlawful trade practices described above; and

g.   Any other relief which the court determines proper or necessary to effectuate the Court's Orders and Judgment.

DATED this 22nd day of April, 2016.

(Signatures on following page)

15

ANTONOPLOS & ASSOCIATES

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.
Bar No.: 985718
1725 DeSales St., NW
Suite 600
Washington, DC 20036
Phone: 202-803-5676
Fax: 202-803-5677
nace@antonlegal.com


Jacob M. Lebowitz, Esq.
Bar No.: 483742
Ryan C. Posey, Esq.
DC Bar #1000581
Posey Lebowitz, PLLC
3221 M St. NW
Washington DC 20007
Phone: 202-524-0123
Fax: 202-810-9009
jlebowitz@poseylebowitz.com


Debra Brewer Hayes
(pro hac vice to be applied for)
Charles Clinton Hunter
(pro hac vice to be applied for)
THE HAYES LAW FIRM, P.C.
700 Rockmead, Suite 210
Houston, Texas 77339-2111
Phone: 281-815-4963
Fax: 832-575-4759
dhayes@dhayeslaw.com
chunter@dhayeslaw.com


Scott P. Nealey
(pro hac vice to be applied for)
LAW OFFICE OF SCOTT P. NEALEY
71 Stevenson, Suite 400
San Francisco, CA 94015
Phone: 415-231-5311
Fax: 415-231-5313
Cellular: 415-640-4806
snealey@nealeylaw.com


Stephen M. Hansen
(pro hac vice to be applied for)

16

LAW OFFICE OF STEPHEN M. HANSEN, PS
1821 Dock St., #103
Tacoma, WA 98402
Phone: 253-302-5955
Fax: 253-301-1147
steve@stephenmhansenlaw.com

17



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Evna T. LaVelle and Lavenia LaVelle, et al.
_____
                                    Plaintiff

vs.                                              Case Number  **2016 CA 003040 B**

State Farm Mutual Automobile Insurance Company
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jonathan B. Nace
_____               *Clerk of the Court*
Name of Plaintiff's Attorney .

1725 DeSales Street, N.W. Suite 600            By _____
Address                                                              Deputy Clerk
Washington, D.C. 20036

202-803-5676                                          Date  **04/22/2016**
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

   IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Demandante

contra

Número de Caso: _____

Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____

Dirección _____

Subsecretario

Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

EVNA T. LAVELLE et al
    Vs.                         C.A. No.      2016 CA 003040 B
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ROBERT R RIGSBY
Date:  April 25, 2016
Initial Conference: 10:00 am, Friday, July 22, 2016
Location:  Courtroom 200
          500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."  D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

                                              Chief Judge Lee F. Satterfield

                                                                    Caio.doc

Filed
D.C. Superior Court
04/25/2016 09:29PM
Clerk of the Court

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Evna T. LaVelle and Lavenia LaVelle, et al.     Case Number: __2016 CA 003040 B__

vs                          Date: _____

State Farm Mutual Automobile Insurance Company ☐  One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Jonathan B. Nace | Relationship to Lawsuit |
| Firm Name:<br>Antonoplos & Associates | ☑ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>202-803-5676            985718 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury       ☑ 6 Person Jury          ☐ 12 Person Jury

Demand: $ 3,000,000 _____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☑ 01 Breach of Contract        ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty        ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation                 ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination ☐ 07 Insurance/Subrogation                 ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent          Under $25,000 Consent Denied
                               ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 10 Invasion of Privacy        ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 11 Libel and Slander               Not Malpractice)
☐ 03 Assault and Battery       ☐ 12 Malicious Interference      ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal         ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)            ☐ 23 Tobacco
                                                               ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE      IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

4-22-16
_____
Date

CV-496/ June 2015

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Actions

| | |
|---|---|
| EVNA T. LAVELLE and LAVENIA LAVELLE, individually and as the representative of all persons similarly situated<br><br>        Plaintiffs,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>        Defendant. | Case No.: 2016 CA 003040 B<br>Judge: Rigsby<br>Calendar: 1<br>Next Event: Initial Conference<br>July 22, 2016, 10:00 am |

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Plaintiff, by and through undersigned counsel and pursuant to Rule 33 of the Superior Court Rules of Civil Procedure, submits these interrogatories to Defendant State Farm Mutual Automobile Insurance Company. Plaintiff requests that sworn answers to these interrogatories be served upon Plaintiff's undersigned counsel within thirty days of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

### DEFINITIONS

1.    **"Claims"** or **"Coverage"** refers to claim(s) made or coverage for claim(s) made under the Underinsured/Uninsured Motorist provisions of the relevant policies.

2.    **"Communication"** means any document, oral statement, phone conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstance whatsoever, whereby information of any nature was stated, written, recorded, or in any manner published, transmitted or transferred.

3.    **"Correspondence"** includes any and all communication between or among the parties made the subject of the interrogatory/request and includes all documents reflecting such communication.

4.    **"Defendants"** includes, individually and as a group, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and their employees, officers, agents, adjusters, counsel and any consultants, experts or investigators working on their behalf, as well as any

1

subsidiaries, divisions or branch of Defendants and its employees, officers, agents, counsel and any consultants, experts or investigators. All named Defendants shall hereinafter be collectively referred to as "State Farm."

5.    **"Describe"** means to provide a responsive narrative explanation which includes, but is not limited to, when used in reference to any document(s) or tangible evidence, stating the title or name, date, time, author of document, the common name, identifying number and the name and address of the person(s) having possession of such at the present time.

6.    **"Diminished value"** means the difference in value between an insured vehicle's pre loss value and its value after the value is repaired.

7.    **"Document"** is used in its broadest sense and includes any medium upon or with which information is recorded or preserved by whomever generated or received, including without limitation: writings; printings; drawings; charts; notes; type writings; photographs; slides; motion pictures; video tapes or cassettes; phonograph records; tape or other mechanical recordings; computer records, e-mails, information storage devices, magnetic discs, laser disks, or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letters; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or TWXs; telecopies; faxes; communications to or from any federal, state, or local governmental law enforcement agency, entity, or individual; or any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, magnetic tapes, computer discs, optical discs, or laser discs, computer memory, or other computer storage method, or other type of copy of such items, if such copy is different from such original by reason of any markings, additions, commentaries, revisions, deletions, or substitutions.

8.    **"Identify"** or **"identification"** means:

      a.    With respect to a natural person, all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

      b.    With respect to an entity which is not a natural person, all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

      c.    With respect to a document, all that you know or that you can determine about title, type of document, date, author, addressee, recipients, any identifying numbers on such document, substance of its contents, subject matter, present location, present custodian, and each person who has custody, possession, or control over each copy of each document.

      d.    With respect to a physical object all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

2

e.    With respect to an event, all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

9.    **"Individual claims files"** refers to the hard copy or paper (non-electronic) record kept on individual claims. Individual claim files does not include materials gathered, grouped or kept together, other than as part of a file on an individual claim-by-claim basis.

10.    **"Male gender"** includes the female, and the singular pronoun includes the plural.

11.    **"Person"** or **"Persons"** as used in these requests for production of documents includes human beings, corporations, partnerships, associations, joint venturers, government agencies (federal, state or local) or any other organization cognizable at law and where an employee performs some tasks by which an inquiry is made in these requests for production of documents as part of his employment. "Person(s)" includes both the employing and employed person(s).

12.    **"Plaintiff"** or **"Plaintiffs"** means Plaintiff, Evna Lavelle, on behalf of herself and all others similarly situated, and Plaintiff Lavenia Lavelle, on behalf of herself and all others similarly situated.

13.    **"Knowledge"** includes both first hand and secondary knowledge.

14.    **"The relevant period"** means six years before the filing of this case through the present.

15.    **"Tangible evidence"** includes drawings, blueprints, charts, maps, graphs, photographs, still or moving pictures, films or video tape, conversations recorded on any type of media, and any physical object in the possession, subject to the control of, or within the knowledge of the Defendant, its employees, officers, agents, counsel or any consultants, experts or investigators.

16.    **"UIM PD"** refers to first party uninsured motorist property damage provided in your insurance policies.

17.    **"Collision"** or **"Comprehensive"** refers to first party collision or comprehensive property damaged provided in your insurance policies.

18.    **"You"** or **"yours"** means Defendants and their attorneys, consultants, agents, adjusters, investigators, or any other representative.

19.    **"State Farm"** means any and all legal entities affiliated with you, including but not limited to subsidiaries, affiliates, and related companies, which issue first party personal line automobile insurance.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any expert(s) who you may call at trial or class certification or as a witness and any expert(s) used for consultation who is not expected to be

called as a witness but whose work product forms a basis, in whole or in part, for the mental impressions, opinions, or conclusions of an expert who may be called as a witness; and for each such expert or consultant, please provide the following information: a summary of his or her educational background and professional qualifications; a description of the subject matter upon which the expert is expected to testify or upon which the consultant has produced or provided work product which forms a basis for the expert's testimony; a summary of the substance of the expert's or consultant's anticipated testimony, mental impressions, opinions, and conclusions; a description of the facts known by the expert or consultant, regardless of when such facts were acquired, which form the basis of the mental impressions, conclusions, and opinions held by the expert or consultant; the identity of each book, article, report, statement, or document upon which the expert or consultant relies, in whole or in part, as a basis for any of his or her opinions, mental impressions, or conclusions; and the style, number, and court of each case in which the expert or consultant has testified as an expert witness, whether by deposition or at trial.

**ANSWER:**

**INTERROGATORY NO. 2**: If you contend that the damages for diminished value alleged by the Plaintiff in this action were caused by, or are the result of, the conduct of any other person(s), or entities, please state the full name of the person(s), or entities, including business name, address, and telephone number, and specify the acts or omissions of those persons or entities which you contend have caused or resulted in any of the damage alleged by the Plaintiff(s) in this case.

**ANSWER:**

**INTERROGATORY NO. 3**: Please identify with specificity, including the identity of plaintiff, defendant, cause number, jurisdiction and date the original petition or complaint was filed, each and every lawsuit, whether first party or third party, you have been involved in which alleges loss or seeks payment for "diminished value."

**ANSWER:**

**INTERROGATORY NO. 4**: Please identify any and all claims or request for payment made during the relevant period for payment for "diminished value" under the Collision, Comprehensive or UIM PD policy where DV is not excluded.

**ANSWER:**

**INTERROGATORY NO. 5**: Please identify any Collision, Comprehensive or UIM PD claim during the relevant period on which a payment for diminished value was made and list its amount.

**ANSWER:**

**INTERROGATORY NO. 6**: Please identify each Form of policy (including endorsements) of insurance providing coverage for personal lines collision, comprehensive or

underinsured motorist property damage during the relevant period. For each type of policy identified, name the company it is written by and the policy form number(s).

**ANSWER:**

**INTERROGATORY NO. 7:**  Please state the number of each type or Form of policy identified in the previous Interrogatory (no. 6) which were issued in Washington during the relevant period on an annual basis.

**ANSWER:**

**INTERROGATORY NO. 8**:  For each type of Form of policy identified in response to Interrogatory no. 6, please state the number of first party property damage claims you paid on each type of policy on an annual basis by type of claim (Collision, Comprehensive, UIM PD) for each year of the relevant period.

**ANSWER:**

**INTERROGATORY NO. 9:** Please identify all individuals which had any responsibility for the handling or evaluation of diminished value claims or for establishing policies or procedures for the handling or evaluation of diminished value claims in the State of Washington.

**ANSWER:**

**INTERROGATORY NO. 10:** Please describe in detail the policies or procedures followed when you received a claim for damage to an insured vehicle from a Washington policyholder during the relevant period.  If the policies or procedures have changed during the relevant time, also state the period each was in effect.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please describe the content and course or material names for all training your personnel have received on diminished value or handling of diminished value claims, including internal lectures, presentations and continuing education.

**ANSWER:**

**INTERROGATORY NO. 12:**  For each type of policy defined in response to Interrogatory No.6, identify any policy provision(s) which you contend makes diminished value not a covered loss or excludes or limits coverage for diminished value.

**ANSWER:**

**INTERROGATORY NO. 13:**  Identify and describe each study, review, report, bulletin, article or analysis in any form you have produced or reviewed on diminished value.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify all occasions on which your employees or agents have given presentations, lectures, continuing education or held meetings regarding diminished value for people other than your employees.

**ANSWER:**

**INTERROGATORY NO. 15:** During the relevant period, have you made any agreements, orally or in writing, with any other entity or individual regarding the handling of or responding to or determining the amount of loss (if any) on diminished value claims? If so, describe the agreement terms and identify all documents comprising the agreement(s).

**ANSWER:**

**INTERROGATORY NO. 16:** Please identify all electronic data bases (or systems) you have or which contain information on first party personal lines auto insurance policy holders and first party automobile claims (Collision, Comprehensive, UIM PD) in which data was stored during the relevant period.

**ANSWER:**

**INTERROGATORY NO. 17:** For each electronic data based (or systems) you identify in response to Interrogatory No. 16 or No. 17, please identify all available (searchable) fields and links in the data base and describe the information they contain. [e.g. date policy in force, date of claim, date of loss, policy form in effect, amount of loss, deductible on claim, coverage under which loss paid, model year of vehicle, make of vehicle, mileage of vehicle, availability of estimate, type of damage, etc.].

**ANSWER:**

**INTERROGATORY NO. 18:** Please identify and describe any method or methodology that you have used, either within National General or through a hired expert or specialist, to determine the amount of loss due to diminished value.

**ANSWER:**

**INTERROGATORY NO. 19:** Please identify all individuals who were involved in adjusting or handling Plaintiff's claim for diminished value and describe their respective role(s).

**ANSWER:**

**INTERROGATORY NO. 20:** Please identify and describe any written or standardized oral disclosures you have made, or any written or standardized oral information that you have provided to your policyholders regarding diminished value in handling or adjusting Collision, Comprehensive or UIM PD claims during the relevant period.

**ANSWER:**

**INTERROGATORY NO. 21:**  State the name, job title, and address of each person who participated in answering these interrogatories including all persons who provided, or maintains custody of the documents or information used in the answers and for each such person, describe generally that person's role.

**ANSWER:**

**INTERROGATORY NO. 22:**  Identify in detail the provision of administrative services among and between any and all Defendants during the relevant time period.

**ANSWER:**

**INTERROGATORY NO. 23:**  Identify in detail all written contracts, agreements, joint ventures, partnerships, re-insurance or pooling agreements, and/or letters of understanding between you and any Defendant.

**ANSWER:**

**INTERROGATORY NO. 24:** Identify in detail the relationship among the Defendants including the provision of services, benefits and/or customer support to the insured, the sharing of employees, officers and directors, the sharing of liability, the sharing of responsibility in handling and adjusting claims, and the sharing of policies and procedures.

**ANSWER:**

**INTERROGATORY NO. 25:**  Identify the managers, officers, directors and owners of each Defendant during the relevant time period.

**ANSWER:**

Respectfully Submitted,

ANTONOPLOS & ASSOCIATES

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.
Bar No.: 985718
1725 DeSales St., NW
Suite 600
Washington, DC 20036
Phone: 202-803-5676
Fax: 202-803-5677
nace@antonlegal.com

7

Jacob M. Lebowitz, Esq.
Bar No.: 483742
Ryan C. Posey, Esq.
DC Bar #1000581
POSEY LEBOWITZ, PLLC
3221 M St. NW
Washington DC 20007
Phone: 202-524-0123
Fax: 202-810-9009
jlebowitz@poseylebowitz.com

Scott P. Nealey
(pro hac vice to be applied for)
LAW OFFICE OF SCOTT P. NEALEY
71 Stevenson, Suite 400
San Francisco, CA 94015
Phone: 415-231-5311
Fax: 415-231-5313
Cellular: 415-640-4806
snealey@nealeylaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of May 2016, I caused a copy of the foregoing to be served upon the Defendant via Certified Mail Return Receipt with a copy of the Complaint Summons and Initial Order.

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.
Bar No.: 985718

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Actions

EVNA T. LAVELLE and LAVENIA
LAVELLE, individually and as the
representative of all persons similarly situated

                   Plaintiffs,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

                  Defendant.

Case No.: 2016 CA 003040 B
Judge: Rigsby
Calendar: 1
Next Event: Initial Conference
July 22, 2016, 10:00 am

### PLAINTIFF'S REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 34 of the District of Columbia Rules of Civil Procedure, Plaintiff hereby requests that Defendant State Farm Mutual Automobile Insurance Company produce and make available for inspection and copying the original and all non-identical copies of the documents described below. The requested documents are to be made available for inspection and copying at Antonoplos & Associates, 1725 DeSales St., NW, suite 600, Washington, DC 20036 within thirty days of the date of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

### DEFINITIONS

1.     **"Claims"** or **"Coverage"** refers to claim(s) made or coverage for claim(s) made under the Underinsured/Uninsured Motorist provisions of the relevant policies.

2.     **"Communication"** means any document, oral statement, phone conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstance whatsoever, whereby information of any nature was stated, written, recorded, or in any manner published, transmitted or transferred.

3.     **"Correspondence"** includes any and all communication between or among the parties made the subject of the interrogatory/request and includes all documents reflecting such communication.

4.    "**Defendants**" includes, individually and as a group, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and their employees, officers, agents, adjusters, counsel and any consultants, experts or investigators working on their behalf, as well as any subsidiaries, divisions or branch of Defendants and its employees, officers, agents, counsel and any consultants, experts or investigators.  All named Defendants shall hereinafter be collectively referred to as "State Farm."

5.    "**Describe**" means to provide a responsive narrative explanation which includes, but is not limited to, when used in reference to any document(s) or tangible evidence, stating the title or name, date, time, author of document, the common name, identifying number and the name and address of the person(s) having possession of such at the present time.

6.    "**Diminished value**" means the difference in value between an insured vehicle's pre loss value and its value after the value is repaired.

7.    "**Document**" is used in its broadest sense and includes any medium upon or with which information is recorded or preserved by whomever generated or received, including without limitation: writings; printings; drawings; charts; notes; type writings; photographs; slides; motion pictures; video tapes or cassettes; phonograph records; tape or other mechanical recordings; computer records, e-mails, information storage devices, magnetic discs, laser disks, or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letters; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or TWXs; telecopies; faxes; communications to or from any federal, state, or local governmental law enforcement agency, entity, or individual; or any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, magnetic tapes, computer discs, optical discs, or laser discs, computer memory, or other computer storage method, or other type of copy of such items, if such copy is different from such original by reason of any markings, additions, commentaries, revisions, deletions, or substitutions.

8.    "**Identify**" or "**identification**" means:

         a.    With respect to a natural person, all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

         b.    With respect to an entity which is not a natural person, all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

         c.    With respect to a document, all that you know or that you can determine about title, type of document, date, author, addressee, recipients, any identifying numbers on such document, substance of its contents, subject matter, present location, present custodian, and each person who has custody, possession, or control over each copy of each document.

     d.     With respect to a physical object all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

     e.     With respect to an event, all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

9.     **"Individual claims files"** refers to the hard copy or paper (non-electronic) record kept on individual claims. Individual claim files does not include materials gathered, grouped or kept together, other than as part of a file on an individual claim-by-claim basis.

10.     **"Male gender"** includes the female, and the singular pronoun includes the plural.

11.     **"Person"** or **"Persons"** as used in these requests for production of documents includes human beings, corporations, partnerships, associations, joint venturers, government agencies (federal, state or local) or any other organization cognizable at law and where an employee performs some tasks by which an inquiry is made in these requests for production of documents as part of his employment. "Person(s)" includes both the employing and employed person(s).

12.     **"Plaintiff"** or **"Plaintiffs"** means Plaintiff, Evna Lavelle, on behalf of herself and all others similarly situated, and Plaintiff Lavenia Lavelle, on behalf of herself and all others similarly situated.

13.     **"Knowledge"** includes both first hand and secondary knowledge.

14.     **"The relevant period"** means six years before the filing of this case through the present.

15.     **"Tangible evidence"** includes drawings, blueprints, charts, maps, graphs, photographs, still or moving pictures, films or video tape, conversations recorded on any type of media, and any physical object in the possession, subject to the control of, or within the knowledge of the Defendant, its employees, officers, agents, counsel or any consultants, experts or investigators.

16.     **"UIM PD"** refers to first party uninsured motorist property damage provided in your insurance policies.

17.     **"Collision"** or **"Comprehensive"** refers to first party collision or comprehensive property damaged provided in your insurance policies.

18.     **"You"** or **"yours"** means Defendants and their attorneys, consultants, agents, adjusters, investigators, or any other representative.

19.     **"State Farm"** means any and all legal entities affiliated with you, including but not limited to subsidiaries, affiliates, and related companies, which issue first party personal line automobile insurance.

## 1st SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, on behalf of herself and all others similarly situated, hereby respectfully requests that National General answer the following first set of request for production of documents in writing, separately and fully, and incorporating the definitions set forth above, as if fully set forth herein, and serve copies of the responses on the undersigned attorneys within the time designated by law.  Additionally, Plaintiff requests that Defendants produce for inspection, and permit copying, all of the documents requested herein with the responses.  These requests to produce are intended to be continuing in nature and should be supplemented as required by law.

**REQUEST NO. 1:** All documents addressing, discussing, or mentioning "stigma" damages as it relates to diminished value, claims handling or coverage on auto physical damage claims.

**RESPONSE:**

**REQUEST NO. 2:** All documents, studies, analysis of "stigma" damages on auto physical damage claims.

**RESPONSE:**

**REQUEST NO. 3**: All documents which indicate the amounts paid to any insured (first party) or third party claimant for Diminished Value on auto physical damage claims during the relevant period in the State of Washington.

**RESPONSE:**

**REQUEST NO. 4:** All documents evidencing or discussion determination of and/or denial of stigma damages in auto physical damage claims.

**RESPONSE:**

**REQUEST NO. 5**: All documents discussing or evidencing the results of arbitration cases involving a claim of Diminished Value in the State of Washington.

**RESPONSE:**

**REQUEST NO. 6**: All claims files on cases that were arbitrated involving Diminished Value claims in the State of Washington.

**RESPONSE:**

**REQUEST NO. 7:**  All documents filed or used by either party in the arbitration cases that were arbitrated involving Diminished Value claims in the State of Washington.

**RESPONSE:**

**REQUEST NO. 8:**  All documents, training manuals or claims handling manuals discussing or evidencing the ability to restore vehicles with frame or structural damage or body or paint work to pre-accident condition.

**RESPONSE:**

**REQUEST NO. 9:**          All documents, training manuals or claims handling manuals discussing or evidencing the ability to detect or identify vehicles which have had frame, structure, body or paint repair after repairs are completed.

**RESPONSE:**

**REQUEST NO. 10:**          All documents discussing or evidencing the exclusion of Diminished Value from National General's policy in Washington.

**RESPONSE:**

**REQUEST NO. 11:**          All documents discussing or evidencing the coverage of Diminished Value by National General's policy in Washington.

**RESPONSE:**

**REQUEST NO. 12:**  All documents evidencing, discussing, or showing the method of determining Diminished Value damages to third parties when a National General's insured is liable in an accident.

**RESPONSE:**

**REQUEST NO. 13:**  All documents addressing, discussing, or mentioning the insurer's duty in Washington State to make a full disclosure of all relevant information, including the possibility or actuality of a loss, or coverage or benefits available under the National General policy when adjusting automobile physical damage claims by an insured, during the relevant period.

**RESPONSE:**

**REQUEST NO. 14:**  All documents addressing, discussing, or mentioning the training and practices National General has put in place to address diminished value in first party automobile physical damage and third party claims against National General insureds in Washington State during the relevant period.

**RESPONSE:**

**REQUEST NO. 15:** All documents prepared, generated, sent to, or created by or for any experts retained in this matter.

**RESPONSE:**

**REQUEST NO. 16:** All documents referenced in or relied upon or utilized in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 17:** A copy or sample copy of all first party personal line automobile insurance forms issued in the State of Washington during the relevant period. These include, but are not limited to those policies identified in response to Interrogatory No. 6 in Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 18:** All documents addressing, discussing, or advising National General insureds of their ability to request Diminished Value damages in a Collision, Comprehensive or UIM PD claim.

**RESPONSE:**

**REQUEST NO. 19:** All documents addressing, discussing, or mentioning diminished value or loss in value in relation to the repair of auto physical damage or the handling of auto physical damage claims.

**RESPONSE:**

**REQUEST NO. 20:** Sample screen shots of any fields and display screens for all electronic data bases or systems, and any coding or explanatory manuals showing those fields and their meanings, for those systems and data bases identified in response to interrogatories no. 17 and 18 in Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 21:** All training manuals used to train any and all persons who handle claims and/or diminished value claims.

**RESPONSE:**

**REQUEST NO. 22:** Screen shots showing a claim from the time it is opened until the time it is closed on 10 claims.

**RESPONSE:**

**REQUEST NO. 23:**   All training manuals on repairing vehicles utilized during the relevant time period.

**RESPONSE:**

**REQUEST NO. 24:**   Any and all documents addressing, discussing or mentioning any exclusion for Diminished Value in the National General's policy at any time during the relevant time period.

**RESPONSE:**

**REQUEST NO. 25:** Documents, charts, flow sheets and diagrams which demonstrate (a) your departments or internal structure and (b) your relationship(s) to any parent, subsidiary or affiliated entities including, but not limited to, National General entities throughout the relevant period.

**RESPONSE:**

**REQUEST NO. 26:** Organizational charts of all National General entities.

**RESPONSE:**

**REQUEST NO. 27:** All documents concerning the provision of administrative services among and between any and all National General entities.

**RESPONSE:**

**REQUEST NO. 28:** All written contracts, agreements, joint ventures, partnerships, re-insurance or pooling agreements, and/or letters of understanding between you and any National General entity.

**RESPONSE:**

**REQUEST NO: 29:**   All documents regarding the sharing of employees, officer and directors, the sharing of liability, the sharing of responsibility in handling and adjusting claims, the sharing of policies and procedures, and the inner workings of the Defendants when handling claims.

**RESPONSE:**

**REQUEST NO 30:**   Any and all charts or documents identifying the managers, officers, directors, owners and employees of each Defendant.

**RESPONSE:**

Respectfully Submitted,

ANTONOPLOS & ASSOCIATES


/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.
Bar No.: 985718
1725 DeSales St., NW
Suite 600
Washington, DC 20036
Phone: 202-803-5676
Fax: 202-803-5677
nace@antonlegal.com

Jacob M. Lebowitz, Esq.
Bar No.: 483742
Ryan C. Posey, Esq.
DC Bar #1000581
POSEY LEBOWITZ, PLLC
3221 M St. NW
Washington DC 20007
Phone: 202-524-0123
Fax: 202-810-9009
jlebowitz@poseylebowitz.com

Scott P. Nealey
(pro hac vice to be applied for)
LAW OFFICE OF SCOTT P. NEALEY
71 Stevenson, Suite 400
San Francisco, CA 94015
Phone: 415-231-5311
Fax: 415-231-5313
Cellular: 415-640-4806
snealey@nealeylaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of May 2016, I caused a copy of the foregoing to be served upon the Defendant via Certified Mail Return Receipt with a copy of the Complaint Summons and Initial Order.

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.
Bar No.: 985718

# ANTONOPLOS & ASSOCIATES
## ATTORNEYS AT LAW
1725 DESALES STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20036
Phone: (202)-803-5676
Fax: (202)-803-5677
www.AntonLegal.com

May 18, 2016

**Sent via Certified Mail, Return Receipt**
**7014 3490 0000 4109 0116**
State Farm Mutual Insurance
c/o Corporation Service Company
1090 Vermont Ave., NW
Washington, DC 20005

    Re:   *Lavelle, et al. v. State Farm Mutual Insurance*

Dear State Farm:

    Enclosed please find a copy of the Complaint, Summons, Info Sheet, Initial Order, First Set of Interrogatories and First Requests for Production of Documents in the matter of Lavelle, et al. v. State Farm Mutual Insurance Co., Case No. 2016 CA 003040 B.

            Very truly yours,

            Jonathan B. Nace, Esq.

CERTIFIED MAIL®

onopulos & Associates
1725 Desales Street N.W. Suite 600
Washington, D.C. 20036

7014 3490 0000 4109 0116

UNITED STATES
POSTAL SERVICE®

1000

20005

U.S. POSTAGE
PAID
WASHINGTON, DC
20036
MAY 18 16
AMOUNT
**$8.20**
R2304W121234-18

State Farm Mutual Insurance
c/o Corporation Service Co.
1090 Vermont Ave., NW
Washington, DC 20005



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Evna T. Lavelle vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 2016 CA 003040 B |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 05/20/2016 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jonathan B. Nace<br>202-803-5676 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com